# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **JAMES KIRBY SWINEY,** | § | |
| | § | |
| **Plaintiff,** | § | |
| **v.** | § | |
| | § | **CIVIL ACTION NO.** |
| **THE STATE OF TEXAS,** | § | |
| **COUNTY OF COMAL,** | § | **SA-06-CA-0941 FB (NN)** |
| **CITY OF NEW BRAUNFELS,** | § | |
| **CHRISTOPHER SCOTT,** | § | |
| **MICHAEL O. PENSHORN,** | § | |
| **JOHN BAILEY,** | § | |
| **DIB WALDRIP,** | § | |
| **DOUGLAS WAKEMAN WILLIAMS,** | § | |
| **TRACY GILLIS,** | § | |
| **RUSSELL JOHNSON,** | § | |
| | § | |
| **Defendants.** | § | |

## MEMORANDUM AND RECOMMENDATION
## ON DEFENDANTS' MOTIONS TO DISMISS

**TO:    Hon. Fred Biery**
**United States District Judge**

This memorandum addresses motions to dismiss filed by defendants Dib Waldrip, Comal

County, John Bailey,[1] Michael Penshorn, Christopher Scott,[2] and Tracy Gillis.[3]  It also addresses

the advisory filed by the Texas Attorney General on behalf of the State of Texas.[4]  The District

_____

[1]Docket entry # 36.

[2]Docket entry # 38.

[3]Docket entry # 31.

[4]Docket entry # 35.

Court referred this case to me on November 1, 2006.[5]  The District Court's order referred all

pretrial matters for disposition by order or to aid the District Court by recommendation where my

authority as a Magistrate Judge is statutorily constrained.  I have jurisdiction to enter this

memorandum and recommendation under that order and 28 U.S.C. § 636(b).

## Nature of the Case and Relevant Procedural Background

Plaintiff James Swiney filed this action on October 30, 2006.  Swiney filed a 21-page

complaint, complaining about the seizure of property subject to dispute between Swiney and

defendant Douglas Williams.[6]  Detective Michael Penshorn ordered the seizure after Williams

reported the property was stolen.[7]  Penshorn pursed a disposition hearing in state justice court to

determine ownership of the property.[8]  Swiney alleges that the justice court ordered that some of

the seized property be returned to him, but that the property has not been returned.[9]  Swiney

seeks $250 million in damages.

Swiney has sued ten defendants without specifying his causes of action or the legal

theories for his claims.  After studying Swiney's complaint, I identified the following claims or

causes of action: theft, denial of due process, and violation of the Americans with Disabilities Act

(ADA).  I attempted to clarify Swiney's claims by ordering him to file an advisory to confirm that

these are his causes of action, specify how his claims apply to each defendant, identify the

---

[5]*See* docket entry # 8.

[6]*See* transfer documents, complaint at pp. 3-7..

[7]*See* transfer documents, complaint at pp. 5 & 7.

[8]*See* transfer documents, complaint at pp. 6-7 & docket entry # 70, pp. 13-15.

[9]*See* transfer documents, complaint at p. 8.

recovery he is seeking from each defendant as to each claim, and state the legal theories for his claims.[10]  In response, Swiney filed a 34-page advisory.[11]  The advisory does not clarify Swiney's claims or his legal theories; however, Swiney did not object to my interpretation of his complaint.  Because he did not object, this recommendation focuses on the claims I identified.  In some instances, I relied on the factual allegations in the advisory because it is clear that Swiney relies on the advisory's factual allegations; Swiney did not, however, designate the advisory as an amended complaint.

<b>Penshorn and Scott's Motion to Dismiss</b>[12]

Penshorn and Scott are police officers for the City of New Braunfels.  They maintain that they are protected from suit by qualified immunity and ask for dismissal of Swiney's claim that he was denied due process.  In considering this argument, the District Court must accept Swiney's factual allegations as true.[13]  The District Court may not dismiss Swiney's allegations unless it appears beyond doubt that Swiney can prove no set of facts in support of his claim which would entitle him to relief.[14]  Dismissal is proper if Swiney's complaint lacks an allegation regarding a required element needed to obtain relief.[15]  Conclusory allegations, however, will not

---

[10]Docket entry # 66.

[11]Docket entry # 90.

[12]Docket entry # 38.

[13]*See Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995).

[14]*See Blackburn*, 42 F.3d at 931.

[15]*Id*. at 931.

suffice to prevent dismissal.[16]  In considering the claims of qualified immunity, the District Court must first ask whether Swiney alleged the violation of a clearly established constitutional right, and then ask whether the officer's conduct was objectively reasonable.[17]

The Fifth Amendment of the United States Constitution prohibits the government from depriving a person of his property without due process of law.  Viewing Swiney's allegations as true, Swiney has alleged the violation of a clearly established constitutional right because he alleged that Penshorn and Scott unlawfully seized his personal property without a search warrant and without due process of law.[18]  Swiney, however, has not alleged conduct that is objectively unreasonable because he alleged that Penshorn and Scott seized the trailer based on a report that the property was stolen.[19]  Swiney also indicated that Penshorn pursued a disposition hearing in state justice court to determine ownership of the property.[20]  A police officer's conduct is objectively reasonable if he seizes property he believes is stolen and then pursues a judicial proceeding to determine ownership of the property.  In Texas, the Code of Criminal Procedure

---

[16]*Id.*

[17]*See Baker v. Putnal*, 75 F.3d 190, 198 (5th Cir. 1996) ("First, the court must determine whether the plaintiff has alleged a violation of a clearly established constitutional right.  If the plaintiff fails this step, the defendant is entitled to qualified immunity.  If she is successful, the issue becomes the objective legal reasonableness of the defendant's conduct under the circumstances.") (internal citation omitted).

[18]*See* transfer documents, complaint at p. 13; docket entry # 70, pp. 7 & 11; docket entry # 42, pp. 11-12.

[19]*See* docket entry # 42, p. 11.

[20]*See* docket entry # 42, pp. 13-16.

specifically provides procedures to determine the ownership of stolen property.[21]   Swiney's

factual allegations indicate that Penshorn and Scott acted pursuant to those procedures.   Swiney's

assertion that Penshorn and Scott acted in a malicious, incompetent, negligent and discriminatory

manner[22] is a conclusory allegation that does not overcome his factual allegations.   Swiney's

claim of the deprivation of property without due process of law against Penshorn and Scott

should be dismissed because they are entitled to qualified immunity.

Penshorn and Scott also ask for dismissal of Swiney's ADA claim.   They maintain that

the ADA does not provide for individual liability.   They are correct.   The ADA provides that

"[n]o covered entity shall discriminate against a qualified individual with a disability because of

the disability of such individual in regard to job application procedures, the hiring, advancement,

or discharge of employees, employee compensation, job training, and other terms, conditions,

and privileges of employment."[23]   "The term 'covered entity' means an employer, employment

agency, labor organization, or joint labor-management committee."[24]   Neither Penshorn nor Scott

is an employer, employment agency, labor organization, or joint labor-management committee.

The ADA also provides that "no qualified individual with a disability shall, by reason of such

disability, be excluded from participation in or be denied the benefits of the services, programs,

or activities of a public entity, or be subjected to discrimination by any such entity."[25]   The term

---

[21]*See* TEX. CODE CRIM. PROC. §§ 47.01-47.12 (Vernon 1979 & Supp. 2006).

[22]*See* docket entry # 70, p. 7.

[23]42 U.S.C. § 12112(a).

[24]42 U.S.C. § 12111(2).

[25]42 U.S.C. § 12132.

"public entity" means–(A) any State or local government; (B) any department, agency, special purpose district, or other instrumentality of a State or States or local government. . . ."[26]  Neither Penshorn nor Scott is a department, agency, special purpose district, or other instrumentality of a State or States or local government.  Consequently, no basis exists for an ADA claim against Penshorn or Scott.

As for Swiney's theft claim, theft is a criminal offense under the Texas Penal Code.[27] The county district attorney is authorized to prosecute a charge of theft.[28]  Swiney is not a district attorney.  Consequently, Penshorn and Scott are entitled to dismissal of Swiney's theft claim.

### Waldrip, Comal County and Bailey's Motion to Dismiss[29]

<u>Bailey</u>.  Bailey is a deputy sheriff for Comal County.  Bailey maintains that he is protected from suit by qualified immunity and asks for dismissal of Swiney's claim that he was denied due process.  Viewing Swiney's allegations as true, Swiney has alleged the violation of a clearly established constitutional right because he alleged that Bailey unlawfully seized his forklift.[30]  Swiney, however, has not alleged conduct that is objectively unreasonable because he also alleged that Bailey seized his forklift because the serial number on the forklift had been

---

[26]42 U.S.C. § 12131(1).

[27]*See* TEX. PEN. CODE ANN. § 31.03 (Vernon 2006).

[28]*See* TEX. CODE CRIM. PROC. ANN. art. 2.01 (stating that the district attorney shall represent the State of Texas in criminal proceedings) (Vernon 2005).

[29]Docket entry # 36.

[30]*See* transfer documents, complaint at p. 14.

obliterated.[31]  Obliterating a serial number is a criminal offense under section 31.11 of the Texas

Penal Code.  Swiney provided a copy of Bailey's offense report indicating that Penshorn asked

Bailey to inspect the forklift because he knew the possessor had possessed stolen property in the

past.[32]  The report further indicates that Bailey attempted to determine if the forklift had been

stolen and that he planned to file an inventory with the justice court.[33]  The documents Swiney

provided also indicate that Bailey later notified Swiney that he could pick up the forklift.[34]  A law

enforcement officer's conduct is objectively reasonable if he seizes property he believes is stolen,

investigates the ownership of the property, and then releases the property after learning the

property is not stolen.  Swiney's allegation that the seizure and holding of the property was

unlawful is a conclusory allegation that does not overcome his factual allegations.  Swiney's

claim of the deprivation of property without due process of law against Bailey should be

dismissed because he is entitled to qualified immunity.  To the extent that Swiney has sued

Bailey for a violation of the ADA and for theft, those claims should be dismissed for the same

reasons that those claims should be dismissed against Penshorn and Scott.

　　　Waldrip.  Dib Waldrip is the district attorney for Comal County.  In his complaint,

Swiney complains about a one-way mirror at the Comal County district attorney's office.  He

seems to complain that the mirror made it difficult to communicate with the receptionist when he

---

[31]*Id.*

[32]Docket entry # 42, exh. P-2.

[33]*Id.*

[34]Docket entry # 42, exh. P-1.

went to the office to complain about the police department.[35]  This complaint appears to be the

basis of an ADA claim against Waldrip.  Waldrip maintains that Swiney's ADA claim should be

dismissed because Swiney has not alleged that he is a qualified individual under the ADA.

The ADA provides that "[n]o individual shall be discriminated against on the basis of

disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages,

or accommodations of any place of public accommodation. . . ."[36]  "The term 'disability' means  .

. . (A) a physical or mental impairment that substantially limits one or more of the major life

activities of [an] individual; (B) a record of such an impairment; or (C) being regarded as having

such an impairment."[37]  To prove a violation of the ADA, the plaintiff must demonstrate: "(1)

that he is a qualified individual within the meaning of the ADA; (2) that he is being excluded

from participation in, or being denied benefits of, services, programs, or activities for which the

public entity is responsible, or is otherwise being discriminated against by the public entity; and

(3) that such exclusion, denial of benefits, or discrimination is by reason of his disability."[38]

None of Swiney's allegations suggest that he is a qualified individual or that he was

denied access to the district attorney's office on the basis of a disability.  Instead, Swiney

complained that receptionist for the district attorney's office sits behind a large plate glass

window that Swiney claims is a one-way mirror.[39]  He alleged that "[w]hen he approached the

---

[35]*See* transfer documents, complaint at p. 18.

[36]42 U.S.C. § 12182(a).

[37]42 U.S.C. § 12102.

[38]*Melton v. Dallas Area Rapid Transit*, 391 F.3d 669, 672 (5th Cir. 2004).

[39]*See* transfer documents, complaint at p. 18.

window to ask for assistance, [he] could not tell if someone was talking to him or not."  He explained that he "had recently lost the use of his hearing aid and when [he] could not hear someone, [he] would talk louder."  He alleged that this "led to great indignation by the person on the other side of the mirror," causing the receptionist to call security personnel.  Swiney did not allege that he is qualified individual under the ADA or that he was discriminated against on the basis of a disability when he visited the district attorney's office.  Swiney only characterized himself as being a person with an emotional disorder, muscle twitching, slurred speech,[40] and problems with hearing.  Although he characterizes the window as a barrier to the hearing impaired,[41] Swiney's allegations are insufficient to state a claim for a violation of the ADA.  The ADA claim against Waldrip should be dismissed.  As for Swiney's theft and deprivation of property claims, Swiney's allegations do not seem to attribute those claims to Waldrip.

Comal County.  Swiney has not clearly articulated his claims against Comal County, but his complaint discusses his unsuccessful efforts to obtain a certificate title to a motorcycle belonging to Williams.[42]  To the extent that these efforts form the basis of Swiney's deprivation of property claim, Comal County seeks dismissal of any such claim on grounds that Swiney has not exhausted the county's administrative remedies.

Under the Texas Administrative Code, a person claiming to be aggrieved by a final decision of a state agency must first pursue the agency's administrative remedies before filing an

---

[40]See id. at p. 16.

[41]See docket entry # 13, ¶ XVII.

[42]See docket entry # 70, p. 6 (describing the motorcycle as being registered to Williams).

action for judicial review.[43]  The Texas Administrative Code establishes procedures for contesting the tax assessor's refusal of an application for a certificate of title.[44]  Swiney has not alleged that he pursued these procedures.  Having disregarded the state procedures for challenging the denial of a title application, Swiney should not be permitted to pursue that complaint here.  Swiney's deprivation of property claim against Comal County should be dismissed.  As for Swiney's theft and violation of the ADA, Swiney's allegations do not seem to attribute those claims to Waldrip.

_____

[43]TEX. GOV'T CODE ANN. § 2001.171 (Vernon 2000).

[44]The Texas Administrative Code provides as follows:

> (2) Contested case procedure. Any person who has an interest in a motor vehicle to which the department has refused to issue a certificate of title. . . may contest the department's decision . . . in the following manner.
>
> (A) Hearing. Any person who has an interest in a motor vehicle to which the department has refused to issue a certificate of title. . . may apply for a hearing to the designated agent of the county in which the applicant resides. At the hearing the applicant and the department may submit evidence, and a ruling of the designated agent will bind both parties. An applicant wishing to appeal the ruling of the designated agent may do so to the County Court of the county in which the applicant resides.
>
> (B) Alternative to hearing. In lieu of a hearing, any person who has an interest in a motor vehicle to which the department has refused to issue a certificate of title. . . may file a bond with the department, in an amount equal to one and one-half times the value of the vehicle as determined by the department, and in a form prescribed by the department. On the filing of the bond, the department may issue a certificate of title. . . .

43 TEX. ADMIN. CODE § 17.3(F)(2) (2007).

### Gillis's Motion to Dismiss[45]

Gillis is the president of the International Association of Heat and Frost Insulators and Asbestos Workers, Local 87, AFL-CIO.  Previously, Gillis and Swiney had a landlord-tenant relationship in which Swiney leased commercial property from Gillis.[46]  Swiney alleged that he notified Gillis that he intended to cancel his lease and began to remove his property from the leased space.[47]  Swiney planned to remove the equipment by October 31, 2005, but failed to do so.  Swiney complains that Gillis leased the property to Williams before he removed all of his property and that his property is now missing.[48]  Swiney further complains that Gillis has refused him access to the property he formerly leased.  Gillis asks for dismissal because Swiney has failed to state a claim.

To the extent that Swiney relies on these allegations to support his deprivation-of-property claim, Gillis is correct.  The due process clause of the Fourteenth Amendment protects citizens from acts of government that "deprive any person of . . . property, without due process of law. . . ."[49]  Although Swiney has not identified his legal theory for Gillis's liability, section 1983 permits a plaintiff to sue a governmental entity for the violation of a right protected under the substantive component of the due process clause of the Fourteenth Amendment.[50]  Gillis,

---

[45]Docket entry # 31.

[46]*See* transfer documents, complaint p. 9.

[47]*See id*. at pp. 10-11.

[48]*Id*.

[49]U.S. CONST. amend. XIV, § 1.

[50]*See* 42 U.S.C. § 1983.

however, is not a governmental entity.  Because he is not, the legal theory for pursing a deprivation-of-property claim does not apply to Swiney's allegations.  Swiney's deprivation-of-property claim should be dismissed for failure to state a claim because Swiney has not identified a legal theory to support his claim.

To the extent Swiney relies on the allegations to support his ADA claim, Gillis is not bound by the ADA.  The ADA applies to public entities.[51]  Swiney has not alleged that Gillis is a public entity.  In any event, Swiney only complains that law enforcement officials consider him to be mentally handicapped and that they have not taken his complaints about Gillis seriously.  Swiney's allegations do not state a claim under the ADA.  Swiney's ADA claim should be dismissed for failure to state a claim.  To the extent that Swiney has sued Gillis for theft, that claim should be dismissed for the same reason the claim should be dismissed against Penshorn and Scott.

### The AG's Advisory[52]

On March 5, 2007, the AG filed on advisory explaining why Swiney failed to effect service on the State of Texas.  The AG explained that Swiney had attempted to serve the State by having Larry Dean Crull serve a copy of Swiney's complaint on an attorney employed by the AG.  The AG explained that the attorney is not authorized to accept service on behalf of the State.

Under Rule 4(m) of the Federal Rules of Civil Procedure, the plaintiff must serve the defendant with a summons and the complaint within 120 days after the filing of the complaint.[53]

---

[51]*See* 42 U.S.C. § 12132.

[52]Docket entry # 35.

[53]Fed. R. Civ. P. 4(m).

If the plaintiff fails to meet this deadline, the district court, "upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period."[54]  Rule 4(j) provides that service upon a state "shall be effected by delivering a copy of the summons and of the complaint to its chief executive officer or by serving the summons and complaint in the manner prescribed by the law of that state for the service of summons or other like process upon any such defendant."[55]  "In a suit against [Texas], citation must be served on the secretary of state."[56]

Swiney's complaint was initially filed on September 15, 2006 in the Eastern District of Missouri.[57]  Under Rule 4(m), the deadline for serving the State was January 23, 2007.  Swiney served an attorney who works for the AG's office on February 26, 2007.  This effort was ineffective for two reasons.  Swiney did not serve the Secretary of State and the service was late.  Consequently, Swiney failed to comply with Rule 4(m)'s service requirement.

In this circumstance, the District Court should either dismiss the complaint against the State or direct an extension of time.  No need exists for additional time, however, because Swiney has failed to state a claim.  Swiney's allegations about the State are too vague to give rise any cause of action.  Swiney's complaint simply names the State of Texas as a defendant.  In his

---

[54]*Id*.

[55]FED. R. CIV. P. 4(j).

[56]TEX. CIV. PRAC. & REM. CODE § 101.102 (Vernon 2005).

[57]*See* transfer documents.

advisory, Swiney only alleges that a particular defendant participated with the State to deprive him of his life, liberty, and property in violation of First, Fourth, Fifth and Fourteenth Amendment rights in a malicious, incompetent, negligent and discriminatory manner or theft.[58] These allegations are insufficient to state a claim for the deprivation of property or a violation of the ADA.  To the extent that Swiney has attempted to sue Texas, his claims should be dismissed. Swiney should interpret this recommendation as notice that the District Court intends to dismiss his claims against the State unless good cause is shown for failing to serve the State within the time permitted for the rule.

### Recommendations

Swiney's claim of the deprivation of property without due process of law against Penshorn and Scott should be dismissed because these officers are entitled to qualified immunity. To the extent that Swiney has sued Penshorn and Scott for a violation of the ADA, that claim should be dismissed because no basis exists for a claim against those defendants.  Swiney's claim for theft against Penshorn and Scott should be dismissed because that claim is a criminal offense for which Swiney has no authority to pursue as a civil action.  Consequently, I recommend DISMISSING the claims against Penshorn and Scott and GRANTING the motion filed by Penshorn and Scott (docket entry # 38).

Swiney's claim of the deprivation of property without due process of law against Bailey should be dismissed because Bailey is entitled to qualified immunity.  To the extent that Swiney has sued Bailey for a violation of the ADA and for theft, those claims should be dismissed for the same reasons that those claims should be dismissed against Penshorn and Scott.  Swiney's ADA

---

[58]*See* docket entry # 70, ¶¶ XXIX, XXX, XXXI, XXXII, XXXIII, XXXIV, XXXV, & XXXVI.

claim against Waldrip should be dismissed because Swiney's allegations are insufficient to state a claim.  Swiney's deprivation-of-property claim against Comal County should be dismissed because Swiney has failed to exhaust his administrative remedies.  I recommend DISMISSING the claims against Bailey, Waldrip and Comal County and GRANTING their motion to dismiss (docket entry # 36).

Swiney's deprivation-of-property claim against Gillis should be dismissed for failure to state a claim because Swiney has not identified a legal theory to support his claim. To the extent Swiney has sued Gillis for a violation of the ADA, that claim should be dismissed because Gillis is not a public entity bound by the ADA.  To the extent that Swiney has sued Gillis for theft, that claim should be dismissed for the same reason the claim should be dismissed against Penshorn and Scott.  I recommend DISMISSING these claims and GRANTING Gillis's motion to dismiss (docket entry # 31).

Swiney's claims against the State should be dismissed because he has not served the Secretary of State.  Unless Swiney objects and shows good cause for extending the time for serving the Secretary of State, the District Court should DISMISS his claims against the State.

If the District Court accepts these recommendations, the only defendants who will remain in this case are the City of New Braunfels, retired chief of police Russell Johnson, and Douglas Williams.

**Instructions for Service and Notice of Right to Object/Appeal**

The United States District Clerk shall serve a copy of this Memorandum and Recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "Filing User" with the Clerk of Court, or (2) by mailing a copy to those

not registered by certified mail, return receipt requested.  Written objections to this Memorandum

and Recommendation must be filed within 10 days after being served with a copy of same, unless

this time period is modified by the District Court.[59]  **Such party shall file the objections with**

**the Clerk of the Court, and serve the objections on all other parties and the Magistrate**

**Judge.**   A party filing objections must specifically identify those findings, conclusions or

recommendations to which objections are being made and the basis for such objections; the

District Court need not consider frivolous, conclusive or general objections.  A party's failure to

file written objections to the proposed findings, conclusions and recommendations contained in

this report shall bar the party from a *de novo* determination by the District Court.[60]  Additionally,

failure to file timely written objections to the proposed findings, conclusions and

recommendations contained in this Memorandum and Recommendation shall bar the aggrieved

party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed

factual findings and legal conclusions accepted by the District Court.[61]

      **SIGNED** on May 7, 2007.

*Nancy Stein Nowak*

NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

[59]28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).

[60]*Thomas v. Arn*, 474 U.S. 140, 149-152 (1985); *Acuña v. Brown & Root, Inc.*, 200 F.3d 335, 340 (5th Cir. 2000).

[61]*Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).