UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JAMES KIRBY SWINEY, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | |
| | § | CIVIL ACTION NO. |
| CITY OF NEW BRAUNFELS, | § | |
| DOUGLAS WAKEMAN WILLIAMS, | § | SA-06-CA-0941 FB (NN) |
| AND RUSSELL JOHNSON, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND RECOMMENDATION
ON DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT**

On June 8, 2007, the district court accepted my recommendation on the motions to dismiss that were pending in this case and dismissed claims against defendants Dib Waldrip, Comal County, John Bailey, Michael Penshorn, Christopher Scott, Tracy Gillis and the State of Texas.[1] The only defendants who remain in this case are the City of New Braunfels (the City), retired chief of police Russell Johnson, and Douglas Williams. The primary purpose of this memorandum and recommendation is to address the motions for summary judgment filed by the City[2] and Williams.[3] The recommendations in this memorandum, however, if accepted by the district court, will dispose of all pending motions in this case so that the district court may enter a final judgment. I have jurisdiction to enter this memorandum and recommendation under 28 U.S.C. § 636(b) and the district court's order referring all pretrial matters to me for disposition by order or to aid the district court by recommendation where my authority as a magistrate judge is

---

[1] Docket entry # 87.

[2] Docket entry # 90.

[3] Docket entry # 91.

statutorily constrained.[4]

## Nature of the Case

My previous memorandum and recommendation set out the background of this case,[5] and discussed the problems with construing plaintiff James Swiney's claims and my efforts to clarify those claims. Ultimately, I identified three causes of action: theft, denial of due process, and violation of the Americans with Disabilities Act (ADA). Swiney's response to my previous memorandum and recommendation supports my construction of his claims, with the exception that he has stated that he does not seek criminal prosecution of any defendant in this case.[6] Swiney complains about violations of other constitutional rights in his response to the motions for summary judgment. My consideration of those motions is based on my construction of his complaint rather than the multifarious claims he raises in his response.[7]

## The City's Motion for Summary Judgment

The City first seeks summary judgment on Swiney's denial-of-due-process claim. The City maintains that it is entitled to summary judgment because Swiney has presented no evidence of a custom or policy of the City which caused his alleged deprivation.[8] The due process clause of the Fourteenth Amendment protects citizens from acts of government that "deprive any person

---

[4]Docket entry # 8.

[5]Docket entry # 81.

[6]Docket entry # 84.

[7]In his response, Swiney complains about the violation of his rights under the First, Fourth and Fifth Amendments. *See* docket entry # 96. Swiney's complaint cannot be reasonably read to bring claims for violations of those rights.

[8]Docket entry # 90, p. 5.

of . . . property, without due process of law. . . ."[9]  A municipality is liable under 42 U.S.C. § 1983 for acts of local officials, like police officers, who act pursuant to official government policy.[10]

>Official policy is:
>
>1. A policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by the municipality's lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority; or
>
>2. A persistent, widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy. Actual or constructive knowledge of such custom must be attributable to the governing body of the municipality or to an official to whom that body had delegated policy-making authority.  Actions of officers or employees of a municipality do not render the municipality liable under § 1983 unless they execute official policy as above defined.[11]

To survive a motion for summary judgment, a plaintiff seeking to hold a municipality liable for a deprivation of a constitutional right must identify and produce some evidence that raises a fact question about the existence of (1) a policy (2) of the municipality's policymaker (3) that caused (4) the plaintiff to be subjected to a deprivation of constitutional right.[12]  "[A]n isolated incident is not sufficient to show that a custom exists."[13]  The causal connection between the policy or

---

[9] U.S. CONST. amend. XIV, § 1.

[10] See Guidry v. Broussard, 897 F.2d 181, 182 (5th Cir. 1990).

[11] See Webster v. City of Houston, 735 F.2d 838, 841 (5th Cir. 1984)

[12] See Lopez v. Houston Indep. Sch. Dist., 817 F.2d 351, 354 (5th Cir. 1987), overruled on other grounds, Walton v. Alexander, 44 F.3d 1297 (5th Cir. 1995), (explaining plaintiff's summary-judgment burden); Palmer v. City of San Antonio, 810 F.2d 514, 516 (5th Cir. 1987) (discussing the elements of a section 1983 claim against a municipality).

[13] Palmer, 810 F.2d at 516.

custom and the alleged deprivation must be more than de facto—it must be the moving force of the constitutional violation.[14]

Swiney responded to the City's argument by asserting that City Attorney Charles Zech refused to accept his complaint about the City police department and ordered him out of the building.[15] Swiney asserted that Zech's actions "set the policy of the City of New Braunfels and its Police Department to limit its liability through the abuse of power." Swiney further asserted that the City "has a policy of allowing the Police to abuse the mentally handicapped."[16] These statements, however, are only assertions. The statements do not constitute summary-judgment evidence of a municipal policy or custom by the City's policymaker that caused the police department to allegedly seize Swiney's personal property without due process of law—the essence of Swiney's complaints. The only evidence that Swiney presented is a letter from Swiney to Williams saying that Swiney was placing a mechanic's lien on Williams's motorcycle, an application for title for a motorcycle, a copy of misdemeanor complaint filed by Williams against Swiney, a DVD of a purported interview with Melissa Davis, and an excerpt from what appears to be a police report about the events that triggered this lawsuit. None of this evidence raises a fact question about whether the City had a custom or policy that led to the deprivation of Swiney's constitutional right to due process. The City is entitled to summary judgment on Swiney's violation-of-due-process claim.

The City next moves for summary judgment on Swiney's claim under the American's

---

[14]*See Lopez.*, 817 F.2d at 354 (applying *Palmer* to a summary judgment); *Palmer*, 810 F.2d. at 516 (explaining what is needed to prevail in survive a motion to dismiss in a section 1983 claim).

[15]Docket entry # 96, p. 2.

[16]*Id.*

4

with Disabilities Act (ADA). The City maintains that it is entitled to summary judgment because Swiney failed to establish a prima facie case of discrimination.[17] The ADA provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation. . . ."[18] "The term 'disability' means . . . (A) a physical or mental impairment that substantially limits one or more of the major life activities of [an] individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment."[19] To prove a violation of the ADA, the plaintiff must demonstrate: "(1) that he is a qualified individual within the meaning of the ADA; (2) that he is being excluded from participation in, or being denied benefits of, services, programs, or activities for which the public entity is responsible, or is otherwise being discriminated against by the public entity; and (3) that such exclusion, denial of benefits, or discrimination is by reason of his disability."[20]

Swiney did not address this claim in his response to the City's motion for summary judgment.[21] After reviewing Swiney's complaint, I have been unable to ascertain any specific factual allegations supporting an ADA claim against the City. To the extent that Swiney seeks to pursue a claim against the City for a violation of the ADA, his claim fails as a matter of law. None of Swiney's allegations suggest that he is a qualified individual or that he was denied

---

[17] Docket entry # 90, p. 6.

[18] 42 U.S.C. § 12182(a).

[19] 42 U.S.C. § 12102.

[20] *Melton v. Dallas Area Rapid Transit*, 391 F.3d 669, 672 (5th Cir. 2004).

[21] Docket entry # 96.

5

access to a City facility. Instead, Swiney complained about difficulties in communicating with the receptionist for the Comal County district attorney's office and attributed his problems with communicating through a one-way mirror to problems with his hearing.[22] Swiney did not allege that he is qualified individual under the ADA or that he was discriminated against on the basis of a disability by the City. Swiney only characterized himself as being a person with an emotional disorder, muscle twitching, slurred speech,[23] and problems with hearing.[24] Swiney has not alleged that he was excluded from participation in, or was denied benefits of, services, programs, or activities for which the City is responsible, or was otherwise discriminated against by the City; and that such exclusion, denial of benefits, or discrimination was by reason of his disability. Dismissal of this claim for failure to state a claim, rather than summary judgment, is appropriate. To the extent the district court determines that Swiney has stated a claim against the City for a violation of the ADA, Swiney has presented no summary judgment evidence to support any of the elements of an ADA claim.

Finally, the City maintains that it is entitled to summary judgment on Swiney's theft claim because theft is an intentional tort for which the City has sovereign immunity.[25] The district court need not address this argument because Swiney stated in his objections to my earlier memorandum and recommendation that he does not seek criminal prosecution of any defendant

---

[22]*See* transfer documents, complaint at p. 18.

[23]*See id.* at p. 16.

[24]In his objections to my first memorandum and recommendation, Swiney suggested that the Social Security Administration found him disabled in 2000. *See* docket entry # 84, p. 6.

[25]Docket entry # 90, p. 6.

in this case.[26]

## Williams's Motion for Summary Judgment

Although Williams titled his motion as a motion for summary judgment, the substance of the motion is a motion to dismiss. Williams first asks for dismissal of the claims against him on grounds that Swiney was late in serving him.[27] Rule 4 of the Federal Rules of Civil Procedure gives the plaintiff 120 days after the filing of his complaint to effect service.[28] The purpose of service of process is "to supply notice of the pendency of a legal action, in a manner and at a time that affords the defendant a fair opportunity to answer the complaint and present defenses and objections."[29] In this case, Swiney missed the 120-day deadline, but he nevertheless succeeded in serving Williams.[30] Perhaps a little late, but the purpose of service has been served. I do not recommend dismissal on this basis.

In the alternative, Williams asks the district court to dismiss Swiney's ADA claim for failure to state a claim.[31] Williams maintains that the ADA does not provide for individual liability and that Swiney has failed to establish a prima facie case. Williams is correct. The ADA provides that "[n]o covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other

---

[26] Docket entry # 84, p. 2.

[27] Docket entry # 91, pp. 2-3.

[28] *See* FED. R. CIV. P. 4(m).

[29] *Henderson v. United States*, 517 U.S. 654, 671-2 (1996).

[30] Docket entry # 19.

[31] Docket entry # 91, pp. 3-4.

terms, conditions, and privileges of employment."[32]  "The term 'covered entity' means an employer, employment agency, labor organization, or joint labor-management committee."[33] Williams is not an employer, employment agency, labor organization, or joint labor-management committee.  The ADA also provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."[34]  The term "public entity" means–(A) any State or local government; (B) any department, agency, special purpose district, or other instrumentality of a State or States or local government. . . ."[35]  Williams is not a department, agency, special purpose district, or other instrumentality of a State or States or local government.  Consequently, no basis exists for an ADA claim against Williams.  Because this determination is dispositive of Swiney's ADA claim against Williams, the district court need not consider whether Swiney established a prima facie case.

Williams also asks the district court to dismiss Swiney's denial-of-process claim on grounds that section 1983 does not provide Swiney a legal remedy.[36]  The due process clause of the Fourteenth Amendment protects citizens from acts of government that "deprive any person of . . . property, without due process of law. . . ."[37]  Throughout his complaint, Swiney referred to

---

[32] 42 U.S.C. § 12112(a).

[33] 42 U.S.C. § 12111(2).

[34] 42 U.S.C. § 12132.

[35] 42 U.S.C. § 12131(1).

[36] Docket entry # 91, p. 5.

[37] U.S. CONST. amend. XIV, § 1.

efforts by Williams to deny him his real and personal property rights, as well as the deprivation of his personal property. Although Swiney did not identify his legal theory for holding Williams liable, section 1983 permits a plaintiff to sue a governmental entity for the violation of a right protected under the substantive component of the due process clause of the Fourteenth Amendment.[38] Williams, however, is not a governmental entity. Because he is not, the legal theory for pursing a denial-of-due-process claim does not apply to Swiney's allegations. Swiney's denial-of-due-process claim should be dismissed for failure to state a claim because Swiney has identified no legal theory to support his claim.

Finally, Williams asks the district court to dismiss Swiney's theft claim because Swiney has no authority to prosecute that claim. But because Swiney has indicated that he does not seek criminal prosecution of any defendant in this case,[39] the district court need not address this argument.

### Swiney's Motion to Amend his Complaint to Add Additional Defendants

After I entered my first memorandum and recommendation in this case, Swiney filed a motion and asked to add Comal County assistant district attorneys Sam Katz and Joseph Sloane as defendants in this case.[40] Swiney gave no reason for adding Katz and Sloane as defendants, except to complain that Katz and Sloane "acted in unison with Dib Waldrip and the other Defendant in this Cause to discriminate against the Plaintiff to maliciously, incompetently and negligently prosecute and deny Plaintiff, James K. Swiney, of due process and his First, Fourth,

---

[38] *See* 42 U.S.C. § 1983.

[39] Docket entry # 84, p. 2.

[40] Docket entry # 84.

9

Fifth and Fourteenth Amendment Rights."[41]

> Under Federal Rule of Civil Procedure 15(a), pleadings may be amended once as a matter of course before a responsive pleading is served, and thereafter by leave of court. The rule provides that such leave "shall be freely given when justice so requires." "However, it is by no means automatic." In deciding whether to grant leave to file an amended pleading, the district court may consider such factors as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment.[42]

In this case, Swiney moved to amend his complaint long after responsive pleadings were filed. Swiney should not be permitted to add Katz and Sloane as defendants in this case because Swiney's claims lack merit. This dispute stems from Swiney's dispute with former business associate, Williams. It appears that Swiney has named as a defendant every person he has contacted about his dispute with Williams. Nothing in Swiney's motion explains why two assistant district attorneys should be burdened by defending themselves against claims without merit just because Swiney may have contacted them in addition to the ten defendants he has already sued to complain about Williams. The motion to amend should be denied.

**Recommendations**

For the reasons discussed in this memorandum and the reasons that follow, I recommend the actions listed below. These actions will dispose of all defendants and all claims. But because Swiney has filed another premature notice of appeal,[43] the district court must wait until Swiney's most recent appeal is dismissed before the district court can enter a final judgment.

It is recommended that the district court:

---

[41]*Id*. at p. 7.

[42]*Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993) (internal citations omitted).

[43]Docket entry # 92. See also docket entry # 14.

1.  GRANT the City's motion for summary judgment (docket entry # 90), DISMISS Swiney's ADA claim against the City for failure to state a claim, and ENTER summary judgment on Swiney's deprivation-of-property claim against the City.

2.  DISMISS all claims against Williams for failure to state a claim and DENY Williams's motion for summary judgment (docket entry # 91) as moot.

3.  DENY Swiney's motion to deny Williams's motion for summary judgment (docket entry # 94) for failing to advance a legal argument.

4.  DENY Swiney's motion to amend his complaint to add Katz and Sloane as defendants (docket entry # 84).

5.  CONSTRUE Swiney's direct appeal to district judge in supplemental motion to correct the lack of an affidavit in previously filed motions (docket entry # 85) as a supplemental motion for summary judgment[44] and DENY the motion as moot.

6.  DENY the motion for a protective order filed by Baily, Comal County and Waldrip (docket entry # 82) as moot because claims against those defendants have been dismissed.

7.  DISMISS all claims against Johnson for lack of personal jurisdiction because Johnson has not been served.

### Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this memorandum and recommendation on all parties who have entered an appearance, by either (1) electronic transmittal to all parties represented by attorneys registered as a "Filing User" with the Clerk of

---

[44] Because Swiney characterizes his pleading as a supplemental motion for summary judgment in the first paragraph of the motion, this is a reasonable construction of the pleading despite the title suggesting that Swiney is appealing a order of the magistrate judge. *See* docket entry # 85, ¶ 1.

Court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this Memorandum and Recommendation must be filed within 10 days after being served with a copy of same, unless this time period is modified.[45]  **Such party shall file the objections with the Clerk of the Court, and serve the objections on all other parties and the Magistrate Judge.**   A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections.  A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court.[46]  Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this Memorandum and Recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.[47]

   **SIGNED** on August 13, 2007.

                                                            _____
                                                            NANCY STEIN NOWAK
                                                            UNITED STATES MAGISTRATE JUDGE

---

[45] 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).

[46] *Thomas v. Arn*, 474 U.S. 140, 149-152 (1985); *Acuña v. Brown & Root, Inc.*, 200 F.3d 335, 340 (5th Cir. 2000).

[47] *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).