# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **JAMES KIRBY SWINEY,** | § | |
| | § | |
| **Plaintiff,** | § | |
| **v.** | § | |
| | § | **CIVIL ACTION NO.** |
| **THE STATE OF TEXAS,** | § | |
| **COUNTY OF COMAL,** | § | **SA-06-CA-0941 FB (NN)** |
| **CITY OF NEW BRAUNFELS,** | § | |
| **CHRISTOPHER SCOTT,** | § | |
| **MICHAEL O. PENSHORN,** | § | |
| **JOHN BAILEY,** | § | |
| **DIB WALDRIP,** | § | |
| **DOUGLAS WAKEMAN WILLIAMS,** | § | |
| **TRACY GILLIS,** | § | |
| **RUSSELL JOHNSON,** | § | |
| | § | |
| **Defendants.** | § | |

## MEMORANDUM AND RECOMMENDATION CONCERNING DEFENDANT'S MOTION FOR ATTORNEY'S FEES

To:     Honorable Fred Biery, United States District Judge, Western District of Texas

This memorandum and recommendation addresses defendant Douglas W. Williams's unopposed motion to recover attorney's fees incurred after Williams was named in a lawsuit brought by plaintiff James K. Swiney.[1]  This issue is properly before me under Federal Rule of Civil Procedure 54(d)(2)(D).  This rule allows a district court to "refer a motion for attorney's fees to a magistrate judge . . . as if it were a dispositive pretrial matter."[2]  Because Rule 54(d)(2)(D) characterizes Williams's motion as a dispositive pretrial matter, I am submitting this

---

[1]*See* docket entry # 106.

[2]Fed. R. Civ. P. 54(d)(2)(D).

"recommended disposition, including, if appropriate, proposed findings of fact,"[3] which the district court may consider before issuing a final order.  Williams's motion is brought pursuant to Federal Rule of Civil Procedure 54, 42 U.S.C. § 1988, 28 U.S.C. § 1927, and an alternative basis arguing that Swiney filed this case in bad faith.[4]

## Nature of the Case

This case commenced on October 30, 2006, when Swiney filed a hefty complaint regarding an ownership dispute between Swiney and Williams over several pieces of equipment and tools, as well as the ultimate seizure of that property by the New Braunfels Police Department.[5]  A detective with the New Braunfels Police Department ordered the seizure of the property after Williams reported the property as stolen.[6]  A hearing was held in a state justice court to determine ownership of the property.[7]  After that court's determination, Swiney alleged that not all of the property belonging to him was returned to his possession.[8]  Swiney then sued ten defendants, without specifying his causes of action or the legal theories for his claims and asked for $250 million in damages.

---

[3]Fed. R. Civ. P. 72(b)(1).

[4]*See* docket entry # 106.  Williams lists "Title II" of the ADA.  Williams also lists "Section 504" as a basis for recovery in an apparent reference to section 504 of the Rehabilitation Act of 1973.  *Id.* This provision is codified at 29 U.S.C. § 794, and prohibits discrimination against disabled individuals by organizations receiving federal funding.  This provision provides no basis for recovering attorney's fees.  Therefore, I will not discuss this basis for recovery in this motion.

[5]*See* transfer documents, complaint at pp. 3–7.

[6]*See* transfer documents, complaint at pp. 5 & 7.

[7]*See* transfer documents, complaint at pp. 6–7 & docket entry # 70, pp. 13–15.

[8]*See* transfer documents, complaint at p. 8.

2

After studying Swiney's complaint, I identified the following claims or causes of action: theft, violation of civil rights based on denial of due process, and violation of the Americans with Disabilities Act (ADA).[9]  I attempted to clarify Swiney's claims by ordering him to file an advisory to confirm that these were his causes of action, specify how his claims applied to each defendant, identify the recovery he sought from each defendant as to each claim, and state the legal theories for his claims.[10]  In response, Swiney filed a 32-page advisory.[11]  This advisory did not clarify Swiney's claims or legal theories; however, Swiney did not object to my classification of his claims.  These three causes of action were addressed in successive memoranda and recommendations.

On June 8, 2007, the district court accepted my recommendation to dismiss the claims against seven of the defendants named by Swiney.[12]  On September 10, 2007, the district court accepted my recommendation to dismiss the claims against Williams and the remaining defendants, and the case was dismissed in full.[13]  Williams filed his motion for attorney's fees on September 21, 2007.[14]  The district court referred the motion to me for disposition.[15]

**Attorney's Fees in Civil Rights Litigation**

---

[9]*See* docket entry # 81 at p. 2.

[10]*See* docket entry # 66.

[11]*See* docket entry # 90.

[12]*See* docket entry # 87.

[13]*See* docket entry # 105.

[14]*See* docket entry # 106.

[15]Docket entry # 115.

Generally, a prevailing litigant is not entitled to recover attorney's fees from the losing party.[16]  Attorney's fees are generally unavailable unless explicit statutory authority allowing recovery exists.[17]  Congress has explicitly provided for recovery of attorney's fees in civil rights litigation.  For civil rights litigation brought under title 42, United States Code, section 1988 provides that "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs."[18]

Federal Rule of Civil Procedure 54 provides that a prevailing party may file a motion for attorney's fees when such are recoverable as costs so long as no federal statute, rule, or court order states otherwise.[19]  In order to claim these fees, the claimant must: (i) move for attorney's fees within 14 days from the entry of judgment; (ii) specify the legal grounds entitling the movant to the award; (iii) include the amount sought, or a fair estimate of the amount; and (iv) disclose the terms of any fee agreement between the parties, if the court orders.[20]  Williams satisfied each of these procedural requirements.

 Swiney's claim that Williams violated his right to due process constitutes a civil rights claim and triggers the applicability of section 1988 of Title 42.  Two standards apply to an award of attorney's fees in civil rights litigation.  The first deals with prevailing plaintiffs.  If a plaintiff

---

[16]*Lebron v. United States*, 279 F.3d 321, 332 (5th Cir. 2002).

[17]*Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Servs.*, 532 U.S. 598, 602 (2001).

[18]42 U.S.C. § 1988(b).

[19]Fed. R. Civ. P. 54(d)(1).

[20]Fed. R. Civ. P. 54(d)(2).

prevails in a civil rights action, there is a presumption that an award of attorney's fees is appropriate, unless "special circumstances" show the award is unjust.[21]  An award of attorney's fees to a prevailing civil rights defendant is subject to a more rigorous standard.  A civil rights defendant should not be awarded attorney's fees "unless a court finds that [the plaintiff's] claim was *frivolous, unreasonable, or groundless*, or that the plaintiff continued to litigate after it clearly became so."[22]  The fact that the plaintiff ultimately loses the case is not enough to justify an award of attorney's fees to the defendant.[23]  Also, the defendant does not have to show plaintiff's subjective bad faith in order to recover; evidence of frivolity, groundlessness, or unreasonableness will suffice.[24]  The Fifth Circuit has stated that this heightened standard applies to claims arising under section 1988.[25]

When determining whether a claim is frivolous, unreasonable, or groundless, a court should consider "whether the [p]laintiff[] established a prima facie case, whether the defendant offered to settle, and whether the court dismissed the case or held a full trial."[26]  In this case, Swiney failed to establish a prima facie case that Williams violated his civil rights.  To present a

---

[21]*Dean v. Riser*, 240 F.3d 505, 508 (5th Cir. 2001).

[22]*Christiansburg Garment Co. v. Equal Employment Opportunity Comm'n*, 434 U.S. 412, 421 (1978) (emphasis added).

[23]*See, e.g., Hughes v. Rowe*, 449 U.S. 5, 14–15 (1980) (recognizing that Congress's intent to promote effective enforcement of civil rights claims would be frustrated if attorney's fees were assessed against plaintiffs simply because they did not prevail on the merits).

[24]*Christiansburg Garment Co.*, 434 U.S. at 421.

[25]*See Lopez v. Aransas County Indep. Sch. Dist.*, 570 F.2d 541, 545 (5th Cir. 1978) (noting that the *Christiansburg* standard applies to claims under 42 U.S.C. § 2000e–5(k) and 42 U.S.C. § 1988).

[26]*Walker v. City of Bogalusa*, 168 F.3d 237, 240 (5th Cir. 1999).

prima facie case against Williams, Swiney would have to have shown some evidence of a constitutional violation by Williams.[27]  As discussed in my previous memorandum and recommendation, Swiney failed to establish a prima facie case because neither the ADA nor the due process clause of the Fourteenth Amendment provide for individual liability as applied in this case.[28]  I noted that "no basis exists for an ADA claim against Williams" and that Swiney "fail[ed] to state a [denial of due process] claim because [he] has identified no legal theory to support his claim."[29]  I explained that "the district court need not consider whether Swiney established a prima facie case" against Williams.[30]  Because Swiney did not show any evidence of a prima facie claim that Williams violated his civil rights, the first factor weighs heavily in Williams's favor.

The second factor—whether the defendant offered to settle—is not relevant in every instance and is not important in this case.[31]  Here, it would have made little sense for Williams to make a settlement offer where there were no viable claims against him.  If Williams were concerned that he could be found liable for some claim, it would have been understandable for

---

[27]*See Walker*, 168 F.3d at 240 (stating that prima facie proof of a section 1983 claim must include a showing of a constitutional violation).

[28]Docket entry # 97 at p. 7–9.  Williams is not a "covered entity" under the ADA, Swiney has not shown any evidence that he is a "qualified individual" with a disability under the ADA, and Williams is not a government entity subject to due process claims under the Fourteenth Amendment. *Id*.

[29]Docket entry # 97 at pp. 8–9.

[30]Docket entry # 97 at p. 8.

[31]*See Myers v. City of West Monroe*, 211 F.3d 289, 292 (5th Cir. 2000) (stating that whether defendant offered to settle is often of questionable value in deciding whether to grant defendant attorney's fees).

6

him to offer to settle to avoid litigation costs or a potentially large award against him.  This fear

of an ultimate award might suggest some evidence that the claim was not frivolous, without

merit, or unreasonable.  But, when there are no cognizable claims against the defendant, the

defendant has no incentive to make a settlement offer.  Williams had no reason to offer to settle

because Swiney made no viable claims against Williams, making this factor irrelevant in this

case.

The next factor to consider is whether the court dismissed the case or held a full trial on

the merits.  In my previous recommendation, I determined that Swiney's claims against Williams

should be dismissed because there was no legal basis for any of those claims.[32]  This

recommendation was adopted by the district court.[33]  If sufficient questions of fact warranting a

trial were present, an award of attorney's fees to Williams would be inappropriate.  A trial would

indicate that Swiney's claims were not frivolous, unreasonable, or without merit.  But this case

did not progress to that stage because Swiney's claims lacked merit.  Swiney had no basis for a

due process or ADA claims and identified no legal theory to support his claims.[34]  Because

Swiney could not present any fact questions as to whether Williams violated his civil rights, there

were no reasons to try this case.  This factor also weighs heavily in Williams's favor.

In summary, Swiney failed to present a prima facie case against Williams, Williams had

no reason to make a settlement offer to Swiney, and Swiney failed to present any evidence of

civil rights violations by Williams that could lead to a jury trial.  Considering these factors, I

---

[32]*See* docket entry # 97 at pp. 7–9.

[33]*See* docket entry # 105.

[34]Docket entry # 97 at pp. 8–9.

recommend the Court find that Swiney's claims were frivolous, unreasonable and groundless so as to justify an award of attorneys fees to under 42 U.S.C. § 1988.

<strong>Bad-Faith Litigation</strong>

Section 1927 of title 28, United States Code, provides: "Any attorney or other person admitted to conduct cases in any court of the United States . . . who so multiples the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."[35]  In the Fifth Circuit, a court may "shift fees only to counsel, not to parties."[36]  There is a split among jurisdictions as to whether a pro se litigant is a "person admitted to conduct cases" under section 1927,[37] and the Fifth Circuit has yet to resolve this issue.  One district court in Texas recently adopted the view that fees may not be assessed against a pro se litigant under section 1927.[38]  It is unclear whether Williams is entitled to attorney's fees under section 1927.  Nevertheless attorneys fees may be assessed against a pro se litigant when the litigant is shown to have pursued litigation in bad faith.

---

[35]28 U.S.C. § 1927.

[36]*Proctor & Gamble Co. v. Amway Corp.*, 280 F.3d 519, 525 (5th Cir. 2002); *see also In re Ginther*, 791 F.2d 1151, 1155 (5th Cir. 1986) (upholding a district court assessment of attorney's fees against plaintiff under Fed. R. Civ. P. 11 and against plaintiff's attorney under Fed. R. Civ. P. 11 and 28 U.S.C. § 1927).

[37]*Compare Sassower v. Field*, 973 F.2d 75, 80 (2d Cir. 1992) (stating that Congress did not intend the phrase "other person" to apply to pro se litigants) *with Wages v. Internal Revenue Serv.*, 915 F.2d 1230, 1235–36 (9th Cir. 1990) ("[s]ection 1927 sanctions may be imposed upon a pro se plaintiff").

[38]*See Allen v. Travis*, No. 3:06-CV-1361-M, 2007 WL 1989592 at *5–6 (N.D. Tex. July 10, 2007) (adopting the Second Circuit holding that attorney's fees may not be assessed against pro se litigants under section 1927).

8

Williams summarily argues that because Swiney pursued his claims against Williams in bad faith, Williams is entitled to attorney's fees.  In his motion for attorney's fees, Williams states that Swiney's allegations "were without a colorable basis in law and were merely brought to harass Defendants rather than to obtain favorable judgment."[39]  In the Fifth Circuit, because of the punitive nature of fee-shifting due to bad-faith litigation, "attorney's fees will only be awarded for sufficiently offensive conduct during litigation."[40]  A court may only award attorney's fees when the losing party has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons."[41]  A party should not be penalized for aggressively litigating a suit, but attorney's fees may be appropriate when litigation continues "simply for the sake of burdening an opponent with unnecessary expenditures of time and effort."[42]  Before a party may be assessed fees on the basis of bad-faith litigation, "the court must make specific findings as to the frivolousness of the suit."[43]

Swiney's actions rise to the level of bad-faith litigation.  Williams was "burden[ed] . . . with unnecessary expenditures of time and effort."[44]  Swiney had no legal grounds for suing Williams for denial of due process or for violations of the ADA.  With regard to his claims

---

[39]Docket entry # 106 at p. 2.

[40]*Sidag Aktiengesellschaft v. Smoked Foods Prods. Co.*, 854 F.2d 799, 801 (5th Cir. 1988).

[41]*Galveston County Navigation Dist. No. 1 v. Hopson Towing Co.*, 92 F.3d 353, 356 (5th Cir. 1973) (citations omitted).

[42]*Batson v. Neal Spelce Assocs.*, 805 F.2d 546, 550 (5th Cir. 1986) (citations omitted).

[43]*Crenshaw v. Gen. Dynamics Corp.*, 940 F.2d 125, 129 (5th Cir. 1991).

[44]*Batson v. Neal Spelce Assocs.*, 805 F.2d 546, 550 (5th Cir. 1986).

against Williams, Swiney made blanket assertions that Williams sought to deprive Swiney of his "life, liberty, and property in violation of [Swiney's] First, Fourth, Fifth and Fourteenth Amendment [r]ights in a malicious, incompetent, negligent and discriminatory manner."[45] However, Swiney alleged no facts in support of his claims.  Swiney's ADA claims against Williams were not cognizable because "Williams is not a department, agency, special purpose district, or other instrumentality of a State or States or local government."[46]  Swiney's due process claims against Williams were meritless because Williams is not a governmental entity.[47] For these reasons I recommend that the Court find that Swiney acted frivolously in prosecuting this claim in bad faith such that the Court award Williams his attorneys fees.

Swiney has also engaged in vexatious conduct against Williams.  Vexatious conduct is defined as harassing or annoying conduct that is "without reasonable or probable cause or excuse."[48]  In his court filings, Swiney made several attacks on Williams's character.  Swiney stated that Williams abused drugs, sold methamphetamine and cocaine from his place of business, and attempted to murder Kelly Williams (Williams's spouse).[49]  In another filing, Swiney included several allegations of domestic disturbances at Williams's residence and Williams's ordered participation in anger management classes.[50]  Swiney accused Williams of

---

[45]Docket entry # 70 at p. 32.

[46]Docket entry # 97 at p. 8.

[47]Docket entry # 97 at p. 9.

[48]Black's Law Dictionary 1596 (8th ed. 2004).

[49]*See* transfer documents, complaint at p. 4.

[50]Docket entry # 96 at p. 14.

witness tampering, bribing a witness, assault by threat, and making terroristic threats without providing evidence of these allegations or showing how they related to his claims against Williams.[51]  Swiney even characterized Williams as a "de facto" officer of the New Braunfels Police Department.[52]  Swiney never explained how any of these allegations related to his claims that Williams violated his civil rights.  Because Swiney has acted frivolously and in bad faith by bringing this suit against Williams, Williams is entitled to attorney's fees.

### Reasonable Attorney's Fees

Title 42, United States Code, section 1988 provides for an award of "reasonable attorney's fees" to a prevailing party.[53]  In *Johnson v. Georgia Highway Express*,[54] the Fifth Circuit established the test for determining whether an attorney-fee request is reasonable.  The test includes the following factors:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.[55]

The court need not conduct an extensive review and discussion of each of these factors, "but

---

[51]Docket entry # 96 at pp. 15–16.

[52]*See* docket entry # 102 at pp. 1-2; docket entry # 96 at p. 15.

[53]*See* 42 U.S.C. §§ 1988(b).

[54]*Johnson v. Ga. Highway Express*, 488 F.2d 714 (5th Cir. 1974).

[55]*Sidag*, 854 F.2d at 801 (citing *Nisby v. Comm'rs Court*, 798 F.2d 134 (5th Cir. 1986).

some assurances that the Court has arrived at a just compensation based on appropriate

standards" are necessary.[56]  Each factor should be considered, but special attention will be given

to "criteria numbers (1) the time and labor involved; (5) the customary fee; (8) the amount

involved and the results obtained; and (9) the experience, reputation and ability of counsel."[57]

Courts may also consider the "lodestar" amount when determining the reasonableness of

fee requests.  There is a strong presumption that the "lodestar" amount represents a reasonable

fee.[58]  The "lodestar" amount is "the product of reasonable hours times a reasonable rate."[59]  A

reasonable fee can be determined by examining the State Bar of Texas Hourly Rate Report.[60]  For

the San Antonio region where Williams's attorney practices, the average rate charged by

attorneys is $231 per hour.[61]  The median charged by attorneys in this area is $202 per hour.[62]

The average billing rate in this area for a law firm with two to five attorneys is $212 per hour.[63]

In the San Antonio region, attorneys with eleven to fifteen years of experience bill an average of

---

[56]*Day v. Amoco Chems Corp.*, 595 F.Supp. 1120, 1123–24 (S.D. Tex. 1984) (quoting *Davis v. Fletcher*, 598 F.2d 469, 470–71 (5th Cir. 1979)).

[57]*Day*, 595 F.Supp. at 1124 (quoting *Copper Liquor, Inc. v. Adolph Coors Co.*, 624 F.2d 575, 583 (5th Cir. 1980)).

[58]*City of Burlington v. Dague*, 505 U.S. 557, 561–62 (1992).

[59]*Dague*, 505 U.S. at 559.

[60]*See* Dep't of Research & Analysis, State Bar of Tex., Hourly Rates in 2005 (2006).

[61]*Id.* at 25.

[62]*Id.*

[63]*Id.* at 31.

$230 per hour.[64]

With his motion, Williams's attorney, Michael Morris, provided an itemized invoice from Morris & Allen, for 40.7 hours of work for a total of $6,728.50 in attorney's fees.[65]  After examining the invoice, I find the total hours reasonable.  This satisfies the first *Johnson* factor.  As for the second and third factors, there are no novel or difficult issues involved in this case, and no special skills were necessary to research these claims.  Swiney's baseless claims against Williams necessitated researching and briefing which precluded Morris from assisting or finding other clients.  This satisfies the "preclusion of other employment" factor.

The fifth and sixth *Johnson* factors deal with billing rates.  Morris billed at a rate of $195 per hour.  Although Morris did not provide an affidavit stating that this rate is his reasonable hourly fee and did not provide the size of his firm or the length of his legal service to assist in determining whether this rate is reasonable, the internet site for Morris's firm provides sufficient information.  According to Morris's website, the firm consists of two attorneys, Morris and Erin M. Allen.[66]  Morris has practiced law for over ten years.[67]  A comparison of Morris's billing rate with the average rates charged by firms comprised of two to five attorneys ($212 per hour) and lawyers with eleven to fifteen years of experience ($230 per hour) demonstrates that a rate of $195 per hour is reasonable.

There is no record of any time limitations imposed by Williams in this case, so the

---

[64]*Id.* at 30.

[65]Docket entry # 106 at pp. 5–7.

[66]Morris & Allen, Attorneys at Law, http://www.morrisallenlaw.com/about.htm.

[67]Morris & Allen, Attorneys at Law, http://www.morrisallenlaw.com/michaelresume.pdf.

seventh factor is not applicable. For the eighth factor, Williams is not seeking an excessive fee recovery, and the claims against him were resolved in his favor. He was forced to retain an attorney to defend him against groundless and baseless claims. Swiney should reimburse Williams for the costs associated with these frivolous claims. Morris has been practicing law for over ten years, and there are no allegations that Morris has a tarnished reputation or limited legal abilities. This satisfies the ninth factor. For the remaining factors, this case was not overly undesirable, the relationship between Williams and Morris has lasted for over a year, and numerous cases have awarded reasonable attorney's fees to prevailing defendants. Each of the *Johnson* factors weigh in Williams's favor, justifying an award of attorney's fees to him.

It is appropriate, however, to reduce the award of fees from \$6,728.50 to \$6,591.00. Morris included 2.5 hours billed to "VL" at \$55.00 per hour in his invoice, for a total of \$137.50.[68] Morris did not identify "VL" and no information is available on the firm's web site to identify VL. Consequently, the court has no information with which to determine the reasonableness of the \$55/hour billing rate. Accordingly, I recommend reducing the award by \$137.50 and awarding a total of \$6,591.00. Application of the *Johnson* and "lodestar" factors supports this award.

### Other Possible Issues

Swiney has raised his financial status on several occasions throughout this litigation.[69] I

---

[68]Docket entry # 106 at pp. 5–7.

[69]*See* transfer documents, motion to proceed without prepayment (claiming that Swiney is unable to pay the costs of litigation); docket entry # 12 (requesting the court to reconsider Swiney's motion to proceed in forma pauperis); docket entry # 14 (appealing an order to proceed in forma pauperis to the United States Court of Appeals for the Fifth Circuit).

anticipate he will appeal an order awarding fees, arguing that he is unable to pay attorney's fees. The Fifth Circuit, however, has never required a court to consider a litigant's financial situation "in determining *whether* to award attorneys' fees against that party."[70]  One purpose of ordering a losing party to pay the prevailing party's legal expenses is to "deter[] suits without [a] reasonable foundation."[71]  Allowing litigants to avoid being punished for bringing a frivolous lawsuit because of their financial status would run contrary to this purpose.  It is therefore inappropriate to consider Swiney's financial status in the initial determination as to whether to award attorney's fees.

The court may consider financial status "when determining *the amount* of the attorneys' fees to be awarded."[72]  Swiney's financial information does not suggest he is unable to pay $6,591.00 in attorney's fees to Williams.  Swiney caused Williams to incur a debt for legal services for no reason.  Williams should be reimbursed for that debt.

## Recommendation

For the reasons discussed in this memorandum and recommendation, I recommend that the district judge GRANT Williams's motion for attorney's fees in the amount of $6,591.00 (docket entry #106) for Swiney's frivolous, groundless, meritless, and bad-faith litigation.

## Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this memorandum and recommendation on all parties by either (1) electronic transmittal to all parties represented by

---

[70]*Alizadeh v. Safeway Stores, Inc.*, 910 F.2d 234, 238 (1990).

[71]*Id.*

[72]*Id.*

attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested.  Written objections to this memorandum and recommendation must be filed within 10 days after being served with a copy of same, unless this time period is modified by the district court.[73]  **Such party shall file the objections with the clerk of the court, and serve the objections on all other parties and the magistrate judge.** A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections.  A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court.[74]  Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this memorandum and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.[75]

      **SIGNED** on July 3, 2008.

*Nancy Stein Nowak*

NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

[73]28 U.S.C. §636(b)(1); FED. R. CIV. P. 72(b).

[74]*Thomas v. Arn*, 474 U.S. 140, 149-152 (1985); *Acuña v. Brown & Root, Inc.*, 200 F.3d 335, 340 (5th Cir. 2000).

[75]*Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).